

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

October 17, 2023

**By Electronic Mail**

Catherine O'Hagan Wolfe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:** Response to 28(j) letter in *Capitol Records, LLC v. Vimeo, Inc.*, Nos. 21-2949, 21-2974

Dear Ms. Wolfe,

We write in response to Vimeo's letter identifying *Latin American Music Company v. Media Power Group, Inc.*, No. CIV-07-2254, 2010 WL 6420575 (D.P.R. Sept. 10, 2010), *adopted in part and rejected in part*, 2011 WL 1261534 (D.P.R. Mar. 30, 2011), in which the magistrate judge recommended finding fair use at summary judgment for "the recitation of" "six seconds[]" of a song.  *Id.* at *17.

The magistrate recommended *denying* infringers summary judgment for "portions of three" works framing radio "commentary or criticism of political and social issues in Puerto Rico."  *Id.* at *16.  As to use of an entire song, the magistrate did not weigh "statutory fair use factors."  Vimeo Letter 1.  He explained that defendants hadn't provided evidence "to evaluate" fair use.  2010 WL 6420575 at *16.  And the district court ultimately declined to address the merits of fair use.  2011 WL 1261534 at *8 n.12.  Finally, neither judge applied "the *Cariou* principle."  Arg. 47:05.  *Cariou* was decided in 2013.  Thus, Vimeo still has not pointed to *any* court that blessed synchronizing an entire unaltered recording to a video as "fair use."

That Vimeo resorts to a stale, unpublished, only-partially-adopted recommendation confirms that Vimeo's characterization of fair use is untenable.  As Judge Leval noted, the videos-in-suit involve things like "pretending to be singing the song," which "wouldn't be a fair use."  Arg. 56:48-54.  Movie studios, TikTok, and many others secure sync licenses because the right to sync music to videos lies in the heartland of music copyrights.  For the videos-in-suit, the fair-use inquiry is straightforward— and jurors could find Vimeo's employees knew facts from which reasonable people would conclude these purely derivative videos were obviously infringing.  Reply 28-30.  Vimeo "cannot escape liability" because employees "never thought of the obvious significance of what [they] knew."  *Capitol Recs., LLC v. Vimeo, LLC*, 826 F.3d 78, 97 (2d Cir. 2016).

Whether the videos-in-suit were obviously infringing also has no bearing on Vimeo's right and ability to control.  At trial, Vimeo may assert that specific videos were *actually* fair use.  That argument is not before this Court.

Sincerely,

/s/ Catherine E. Stetson
Catherine E. Stetson

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices:  Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar.   Business Service Centers:  Johannesburg  Louisville.   Legal Services Center:  Berlin.   For more information see www.hoganlovells.com