# No. 21-2949-cv(L), 21-2974-cv(CON)

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

◆◆◆

CAPITOL RECORDS, LLC, a Delaware Limited Liability company, CAROLINE
RECORDS, INC., a New York Corporation, VIRGIN RECORDS AMERICA, INC., a
California Corporation, EMI BLACKWOOD MUSIC INC., a Connecticut Corporation,
EMI APRIL MUSIC INC., a Connecticut Corporation, EMI VIRGIN MUSIC, INC., a
New York Corporation, COLGEMS-EMI MUSIC, INC., a Delaware Corporation, EMI
VIRGIN SONGS, INC., a New York Corporation, EMI GOLD HORIZON MUSIC CORP.,
a New York Corporation, EMI UNART CATALOG INC., a New York Corporation,
STONE DIA-MOND MUSIC CORPORATION, a Michigan Corporation, EMI U CATALOG
INC., a New York Corporation, JOBETE MUSIC CO., INC., a Michigan Corporation,

*Plaintiffs-Appellants,*

v.

VIMEO, INC., a Delaware Limited Liability company, AKA VIMEO.COM,
CONNECTED VENTURES, LLC, a Delaware Limited Liability company,

*Defendants-Appellees,*

*On Appeal from the United States District Court
for the Southern District of California*

## DEFENDANTS-APPELLEES' RESPONSE TO PETITION FOR PANEL REHEARING

Rachel Kassabian
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

Todd Anten
Owen F. Roberts
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

*Counsel for Defendants-Appellees*

March 31, 2025

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................................1

BACKGROUND ..............................................................................................3

    A.    Plaintiffs' District Court Arguments .......................................................3

    B.    Plaintiffs' Abandonment Of *Grokster* Inducement On Appeal ............5

    C.    The Answering And Reply Briefs On Appeal .......................................7

ARGUMENT ...................................................................................................7

I.      THE PANEL SHOULD DENY REHEARING ...........................................7

    A.    Plaintiffs Forfeited Any *Grokster* Inducement Argument By Not Presenting It On Appeal .................................................................7

    B.    Plaintiffs Expressly Waived Any *Grokster* Inducement Argument In Footnote 5 ....................................................................10

    C.    This Court Should Not Address A New Issue That Neither Party Briefed On Appeal .................................................................12

II.     THE PETITION SHOULD BE DENIED IN ITS ENTIRETY ...................14

CONCLUSION ...............................................................................................14

i

## <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

### <u>Cases</u>

*Conte v. Emmons*,
  895 F.3d 168 (2d Cir. 2018) .................................................................12

*Debique v. Garland*,
  58 F.4th 676 (2d Cir. 2023) ..................................................................7

*Fezzani v. Bear, Stearns & Co.*,
  777 F.3d 566 (2d Cir. 2015) .................................................................14

*In re TransCare Corp.*,
  81 F.4th 37 (2d Cir. 2023) ...................................................................13

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005).......................................................................*passim*

*Palin v. N.Y. Times Co.*,
  113 F.4th 245 (2d Cir. 2024) ............................................................7, 8

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
  213 F. Supp. 2d 1146 (C.D. Cal. 2002).......................................*passim*

*Semi-Tech Litig., LLC v. Bankers Tr. Co.*,
  300 F. App'x 123 (2d Cir. 2008) .........................................................13

*United States v. Sineneng-Smith*,
  590 U.S. 371 (2020)..............................................................................13

*Viacom Int'l, Inc. v. YouTube, Inc.*,
  676 F.3d 19 (2d Cir. 2012) ...........................................................1, 3, 4, 8, 10

*Vt. Railway, Inc. v. Town of Shelburne*,
  918 F.3d 82 (2d Cir. 2019) ..................................................................9

### <u>Statutes</u>

17 U.S.C. § 512.................................................. 1, 3, 5, 7, 10, 11, 12, 13

## PRELIMINARY STATEMENT

This Court should deny Plaintiffs' effort to resurrect arguments long ago waived in this case. In its opinion, this Court correctly recognized that Plaintiffs "waived the argument" that "encouraging users to make infringing lip-dubs" may constitute a form of Vimeo's "right and ability to control." Op. 45. Plaintiffs cannot now rewrite their briefs to assert a *Grokster*-based inducement theory they never presented on appeal and, in fact, expressly waived. Nor can they salvage their waiver by manufacturing a *post hoc* "distin[ction]" (Pet. 1-2) between a *Grokster* "claim" and a *Grokster* safe-harbor "defense"—nothing in Plaintiffs' opening brief hinted at such a parsing, and it makes no sense given that the only issue before the Court was DMCA safe harbor. As the Court did not "misapprehend" any point of fact or law, it should deny the petition.

In *Viacom*, this Court identified two separate potential ways a provider may have the "right and ability to control infringing activity under § 512(c)(1)(B)"—(1) by "institut[ing] a monitoring program" under *Cybernet*; and (2) by "inducement of copyright infringement under *Grokster*[.]" *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 38 (2d Cir. 2012). Accordingly, in the district court, Plaintiffs argued that "[t]he right and ability to control infringement can be demonstrated in two different ways: (1) a monitoring program" under *Cybernet* "or (2) inducement to infringe" under *Grokster*. JA164. The district court separately addressed and

1

rejected each method. *Compare* SPA39-45 *with* SPA45-53. But on appeal, Plaintiffs chose to limit their "right and ability to control" arguments **solely** to the *Cybernet* path, offering zero argument on *Grokster* inducement. Plaintiffs, as the masters of their appeal, must abide by that strategic choice.

**First**, Plaintiffs forfeited the *Grokster* inducement argument on appeal by failing to address the district court's **nine pages** of *Grokster* inducement analysis (SPA45-53), which concluded that, "having examined the record as a whole, the Court finds no basis to conclude that Vimeo exerted substantial influence on its users' activities through inducement" (SPA52). On appeal, Plaintiffs pressed **only** the *Cybernet* path. The argument sections of their briefs never even cited (let alone disputed) the district court's *Grokster* ruling. This alone defeats the petition.

**Second**, Plaintiffs went further and expressly waived their *Grokster* inducement argument, confirming in their brief to this Court (at 28 n.5) that they were **not** pressing "the argument that Vimeo's 'urging' and 'encouraging users to post infringing material' constituted inducement under *Grokster*." That waiver is as clear as day. While Plaintiffs now argue (Pet. 1, 9) that they somehow waived a *Grokster* "claim" but not a *Grokster* DMCA "defense," the footnote speaks for itself: it states that *Grokster* inducement is "a different type of control" from that set forth in *Cybernet* that could alternatively "exercise 'substantial influence'"— *i.e.*, a DMCA defense. And even if the Court were to accept Petitioner's newfound

2

distinction, it still would be unavailing because waiving the ability to show a *Grokster* "claim" necessarily also waives the ability to show inducement as a DMCA defense, which requires an even **greater** showing. *See* SPA46-47.

The district court correctly ruled that Vimeo did not engage in substantial influence over users' activities based on inducement under *Grokster*. SPA48. Plaintiffs chose to not present that alternative path for this Court's review, and the party presentation principle forecloses Plaintiffs from seeking a redo now.

## BACKGROUND

### A. Plaintiffs' District Court Arguments

This Court in *Viacom* recognized two potential paths to find "a service provider had the right and ability to control infringing activity under § 512(c)(1)(B)" so as to lose safe-harbor protection: (1) "where the service provider instituted a monitoring program," as in *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146 (C.D. Cal. 2002); and (2) "inducement of copyright infringement under *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), which premises liability on purposeful, culpable expression and conduct." 676 F.3d at 38 (quotations omitted).

Tracking *Viacom*, Plaintiffs argued for both the *Cybernet* and the *Grokster* paths in the district court, asserting that "[t]he right and ability to control infringement can be demonstrated in **two different ways**: (1) a monitoring program

3

that, for example, includes detailed instruction on issues of layout, appearance, and content …; or (2) inducement to infringe which premises liability on purposeful, culpable expression and conduct." JA164 (emphasis added, quotations omitted). Plaintiffs presented: (1) thirteen pages of argument comparing Vimeo to *Cybernet* (JA165-77): and (2) ten pages accusing Vimeo of "control[ling] infringing activity by blatantly inducing its users to infringe" under *Grokster* (JA177-86) (capitals removed). Plaintiffs argued that Vimeo induced infringement by encouraging "lip-dub" videos ***only*** in their *Grokster* section. JA179-81.

Adopting Plaintiffs' structure, the district court likewise "use[d] the cases cited in … *Viacom*—*Cybernet* and *Grokster*—as analytical guideposts" because "each supplies a distinct example of conduct" to establish a right and ability to control. SPA39. First, it considered "*Cybernet*—Substantial Influence Through a Monitoring Program." SPA39-45. The district court rejected each of Plaintiffs' arguments, finding that Vimeo "does not purport to, and in practice does not, exert substantial influence over the content of the uploaded material." SPA43.

Next, the district court considered Plaintiffs' theory under "*Grokster*—Substantial Influence Through Inducement of Infringement." SPA45-52. It noted that, "[i]n *Grokster*, the record was 'replete with evidence' that defendants 'clearly voiced the objective that recipients use [their product] to download copyrighted works.'" SPA48 (quoting *Grokster*, 545 U.S. at 923-24). By contrast, Plaintiffs'

4

"stray" inducement evidence, including evidence of lip dubs (the same evidence Plaintiffs emphasize now in their quest for panel rehearing), "simply does not rise to the level of that adduced in *Grokster*—either in quantity or in kind." SPA48. The court considered such evidence "in light of the Supreme Court's acknowledgement in *Grokster* that courts be 'mindful of the need to keep from trenching on regular commerce or discouraging the development of technologies with lawful and unlawful potential.'" SPA48-49 (quoting *Grokster*, 545 U.S. at 937). It concluded: "the Court finds no basis to conclude that Vimeo exerted substantial influence on its users' activities through inducement." SPA52.

**B. Plaintiffs' Abandonment Of *Grokster* Inducement On Appeal**

On appeal, Plaintiffs chose to not seek review of the district court's *Grokster* inducement ruling, instead relying solely on a theory of "right and ability to control" under *Cybernet*. Specifically, Plaintiffs contended (Br. 28) that "what constitutes 'substantial influence' … can be derived from Section 512(c)'s text and purpose, this Court's precedent, and *Cybernet*." Plaintiffs then restricted their entire challenge to Vimeo's exercise of "editorial judgment," arguing that "Vimeo's control exceeded the provider's control in *Cybernet*." *Id.* 35-48. Plaintiffs proposed a two-step analysis, which they argued was "[c]onfirm[ed]" by "*Cybernet* and subsequent precedent." *Id.* 32 (capitals removed). In this

argument, Plaintiffs engaged *only* with the portion of the district court's order addressing *Cybernet*. *See id.* 42-47 (citing SPA43-44).

In contrast, Plaintiffs *never* argued in this appeal that a *Grokster* inducement theory supports reversal. The procedural history section of their opening brief correctly acknowledged that "[t]he District Court held that no reasonable juror could find that Vimeo's inducement constituted substantial influence under *Grokster*," *id.* 19, but nothing in their brief argues that ruling was error. In the argument section, Plaintiffs' brief never addresses or even cites a single sentence from the nine pages of the district court's decision dedicated to *Grokster*. The word "induce" never appears in the main text. Except for a footnote (*see infra*), *Grokster* appears only once, as part of a string-cite on an unrelated point. *Id.* 29.

Plaintiffs' opening brief did include a footnote, hung off a paragraph discussing *Cybernet*, in which they contended that "[p]roviders *also* can exercise 'substantial influence' when they induce infringement, as occurred in *Grokster*," and acknowledged that "*Grokster* represents a *different* type of control that 'premises liability on purposeful, culpable expression and conduct.'" *Id.* 28 n.5 (emphasis added). Plaintiffs admitted that in this appeal they were not advancing "the argument that Vimeo's 'urging' and 'encouraging users to post infringing material' constituted inducement under *Grokster*." *Id.*

### C.   The Answering And Reply Briefs On Appeal

In its answering brief, Vimeo alerted the Court that Plaintiffs had forfeited the *Grokster* inducement argument they had advanced before the district court:

> In granting summary judgment to Vimeo on this issue, the district court examined two decisions as "analytical guideposts": *Cybernet*, 213 F. Supp. 2d 1146, and [*Grokster*], 545 U.S. 913 (2005).  SPA39.  ***On appeal, Plaintiffs limit their challenge to the district court's <u>Cybernet</u> analysis*** (Br. 27-28 & n.5).

Vimeo Br. 24 (emphasis added).  Vimeo thus properly limited its arguments on § 512(c)(1)(B) in its response to defending the district court's *Cybernet* ruling.

On reply, Plaintiffs ***did not dispute*** that their appeal was limited to challenging the district court's *Cybernet* ruling.  The section of the district court's analysis and ruling on *Grokster* is not referenced in their reply brief to this Court. *Grokster* is not even cited in their reply brief.  And the word "induce" does not appear in their reply brief.

## <u>ARGUMENT</u>

## I.   THE PANEL SHOULD DENY REHEARING

### A.   Plaintiffs Forfeited Any *Grokster* Inducement Argument By Not Presenting It On Appeal

This Court "consider[s] abandoned any claims not adequately presented in an appellant's brief."  *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023).  "It is a settled appellate rule that issues unaccompanied by some effort at developed argumentation, are deemed forfeited."  *Palin v. N.Y. Times Co.*, 113 F.4th 245, 279

(2d Cir. 2024) (quotations omitted). "This is true even if an appellant argued the same issues more fully before the district court that she left undeveloped on appeal." *Id.*

Plaintiffs briefs did not present ***any*** argument that the district court erred in finding that "the relevant standard here [under *Grokster*]—inducement by way of exertion of substantial influence on users' activities—is not met by the limited anecdotal evidence Plaintiffs have provided." SPA50. Plaintiffs did not refer to *Grokster* inducement or any of the district court's nine pages of corresponding analysis in the argument section of their opening brief to this Court, nor in their reply brief. Plaintiffs' *Grokster* inducement argument was not merely "undeveloped," but wholly missing on appeal. That alone warrants denying the petition.

While Plaintiffs cite their opening brief's fact section on lip dubs (Pet. 6-7 (citing Br. 12-15)), they cite only ***two*** pages of actual argument (Pet. 8 (citing Br. 35, 40)). On those two pages, Plaintiffs argued that Vimeo's alleged encouragement of lip dubs was a consideration in whether "Vimeo exerted significant ***editorial judgment*** over users' content." Br. 35 (emphasis added, capitals removed). But Plaintiffs described this "editorial judgment" standard as "constitut[ing] 'substantial influence' under *Viacom* and *Cybernet*," ***not*** *Grokster* inducement. *Id.*; *see also id.* ("Vimeo's control exceeded the provider's control in

8

*Cybernet*") (capitals removed). And subsection (e) that Plaintiffs now cite (Br. 40) was buried within the other "monitoring" subsections that Plaintiffs argued established "Vimeo's editorial control" under *Cybernet*. *Id.* 35; *see, e.g.*, *id.* 35-42 (listing "[i]nfluencing users regarding video's content" alongside "formal policies," "nature and extent of review," "promoting and demoting videos," "purging uncreative videos," and "Vimeo's own assessment").[1] There is no basis to find that this list contained an unarticulated *Grokster* inducement challenge.

If Plaintiffs wished this Court to consider the district court's ruling that Vimeo did not have a "right and ability to control" based on *Grokster* inducement, Plaintiffs were required to identify that ruling and argue that point. *See Vt. Railway, Inc. v. Town of Shelburne*, 918 F.3d 82, 85 n.3 (2d Cir. 2019) ("The Town does not address the District Court's ruling as to the zoning bylaws in its principal brief on appeal, and any challenge to that ruling is therefore waived."). Across nine pages (SPA45-53), the district court unpacked Plaintiffs' claims about "lip dubs" and other alleged forms of inducement under *Grokster*. Plaintiffs' briefs were ***silent*** on that ruling. By any measure, that argument is forfeited.

---

[1] Plaintiffs wisely do not now argue that such "encouragement" was evidence of "substantial influence" under *Cybernet*. Nor could they—Plaintiffs made no such argument in the district court, so it was waived on appeal. *See* JA179-81 ("lip dub" arguments limited to *Grokster* inducement). It also would make no sense, as it would render the very existence of *Grokster* inducement completely superfluous.

9

### B. Plaintiffs Expressly Waived Any *Grokster* Inducement Argument In Footnote 5

Though Plaintiffs' failure to contest the district court's *Grokster* ruling alone warrants denial of the petition, this Court should deny the petition for the additional reason that Plaintiffs went further and ***expressly*** disclaimed any *Grokster* inducement challenge in footnote 5 of their opening brief, confirming that their waiver was knowing.

In footnote 5, Plaintiffs conceded that "[p]roviders ***also*** can exercise 'substantial influence' when they induce infringement, as occurred in *Grokster*," which is "a ***different*** type of control that 'premises liability on purposeful, culpable expression and conduct.'" (emphasis added). Plaintiffs confirmed they were ***not*** advancing an "argument that Vimeo's 'urging' and 'encouraging users to post infringing material' constituted inducement under *Grokster*." *Id.* That text speaks for itself: Plaintiffs expressly waived the argument that Vimeo exerted "substantial influence" under § 512(c)(1)(B) by urging and encouraging users to post infringing material (including lip dubs) under *Grokster*. Vimeo's answering brief explicitly noted that waiver (at 24), and Plaintiffs did not disagree on reply.

Plaintiffs now fight their own text, contending (Pet. 1-2, 8-10) that this was not waiver of a "line of attack on the DMCA ***defense***," but instead merely "declin[ing] to press a particular ***claim***." But this retroactive attempt to insert silent caveats makes no sense. Relying on *Viacom*, a DMCA safe harbor case,

footnote 5 addressed whether, under § 512(c)(1)(B), "[p]roviders also can exercise 'substantial influence' when they induce infringement, as occurred in *Grokster*." The "also" plainly refers to the body text to which the footnote is appended, setting up a contrast between two "different" ways of defeating § 512(c)(1)(B) safe harbor: the *Cybernet* and *Grokster* paths. Moreover, this appeal **only** addressed DMCA safe harbor. There would be no reason for Plaintiffs to expressly waive on this appeal (*i.e.*, "at this stage") an argument "that Vimeo's 'urging' and 'encouraging' users to post infringing material' constituted inducement under *Grokster*" unless it pertained to the DMCA safe harbor issue before the Court. Otherwise, why raise it at all? It also cannot be squared with Plaintiffs' complete silence on *Grokster* inducement in the argument sections of both briefs, confirming that footnote 5 means what it says.

**Second**, even if the Court accepted Plaintiffs' new strained revision, the distinction Plaintiffs now draw between *Grokster* inducement as a "claim" versus a DMCA "defense" actually supports **Vimeo**. As the district court explained—and Plaintiffs did not dispute on appeal (or in their petition)—establishing *Grokster* inducement as a "claim" for infringement is **necessary but not sufficient** to remove a service provider's protection under § 512(c)(1)(B), or else the "claim" would swallow the "defense." *See* SPA46-47 ("Reading the DMCA to mandate that a service provider lose such protection for conduct identical to that which would

subject it to affirmative inducement liability would mean that any attempts by a service provider to seek safe harbor protection upon a finding of affirmative inducement liability would necessarily end before they could even begin.").   By conceding on appeal that they were ***not*** arguing they could show an inducement claim, Plaintiffs necessarily also waived any argument that they made out the ***greater*** showing of inducement necessary to defeat Vimeo's § 512(c)(1)(B) safe harbor.   Plaintiffs' own new distinction, even if credited, actually cements the waiver.

### C.    This Court Should Not Address A New Issue That Neither Party Briefed On Appeal

Contrary to Petitioner's suggestion (Pet. 10-11), the Panel should not grant rehearing now to "squarely address" whether "a service provider might have a right and ability to control infringing activity if it had induced the infringing activity," as this case is a poor vehicle for doing so.

***First***, as noted, *Grokster* inducement was not briefed on appeal.  "Declining to consider an insufficiently raised issue allows [this Court] to avoid distorting the law by making a decision without adequate briefing."  *Conte v. Emmons*, 895 F.3d 168, 176 (2d Cir. 2018).   As just one example, Plaintiffs conceded below that *Grokster* inducement requires proof of "intent to encourage such infringement" (JA178), something neither party addressed on appeal.

12

Reaching such legal questions on *Grokster* inducement also would violate the principle of party presentation. In civil cases, "on appeal … [courts] rely on the parties to frame the issues for decision," and "normally decide only questions presented by the parties." *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020); *In re TransCare Corp.*, 81 F.4th 37, 59 (2d Cir. 2023) ("we limit our analysis to the issues the parties have asked us to review").

***Second***, even if this theory of "control" under § 512(c)(1)(B) were available, it would be inapplicable to Vimeo. The district court ***assumed*** *Grokster* inducement could apply (SPA45-46), addressed lip dubs (and other evidence) that Plaintiffs contended showed that "Vimeo induced infringement and therefore had the right and ability to control infringing material" (SPA47-50), and found "none to be compelling" (SPA47). Because the district court assumed Vimeo "might have a right and ability to control infringing activity if it had induced the infringing activity" (Pet. 10) and found for Vimeo anyway, there are no grounds for the Court to reach Plaintiffs' new statutory-construction argument. *See, e.g.*, *Semi-Tech Litig., LLC v. Bankers Tr. Co.*, 300 F. App'x 123, 124 (2d Cir. 2008) ("[W]e need not reach the statutory interpretation question because, whether or not the proviso applies here, the ultimate outcome of this appeal would be the same.").

## II.    THE PETITION SHOULD BE DENIED IN ITS ENTIRETY

Plaintiffs' final request (Pet. 11) that the panel "remove language" regarding Supreme Court review should easily be rejected.  Plaintiffs' disagreement with the Panel's view of what constitutes "raising" an argument does not constitute a legitimate basis for rehearing.  *Compare* Op. 44 (Plaintiffs "failed to raise [this argument]"), *with* Pet. 11 ("They raised … the issue.").  Even crediting Plaintiffs' assertion, "the present panel did not overlook or misapprehend the law as is required for rehearing by F.R.A.P. 40(a)(2)." *Fezzani v. Bear, Stearns & Co.*, 777 F.3d 566, 570 (2d Cir. 2015).

## <u>CONCLUSION</u>

The Court should deny the petition.

Dated:  March 31, 2025                    Respectfully submitted,

*/s/ Todd Anten*
Todd Anten
Owen F. Roberts
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

Rachel Kassabian
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

*Attorneys for Defendants-Appellees*
*Vimeo, Inc. and Connected Ventures, LLC*

14

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitations of Fed. R. App. P. 40(d)(4) because this brief contains 3,022 words (based on the Microsoft Word word-count function), excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), incorporated via Fed. R. App. P. 32(c)(2), because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14 point Times New Roman.

Dated: March 31, 2025

*/s/ Todd Anten*
Todd Anten
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on March 31, 2025, DEFENDANTS-APPELLEES' RESPONSE TO PETITION FOR PANEL REHEARING was electronically filed and served on all parties or their counsel of record through the CM/ECF system, pursuant to Second Circuit Local Rule 25.1(h).

Dated: March 31, 2025

*/s/ Todd Anten*

Todd Anten
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
